

**Robert C. Scrivo**
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
rscrivo@mblawfirm.com
T: 973.243.7923
F: 973.325.7467

January 22, 2025

<u>Via ECF</u>
Hon. Georgette Castner, U.S.D.J.
District Court of New Jersey
Clarkson F. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    **RE:** *United States ex rel. Andriola v. Ferreira Construction Co., Inc., et al.*
       **Docket No. 3:23-cv-03834**

Dear Judge Castner:

  This firm, along with Trif & Modugno LLC, represents Defendants Ferreira Construction Co., Inc. ("FCC"), American Pile and Foundation LLC ("APF"), Valiant Energy Services LLC ("VES"), Valiant Power Group, Inc. d/b/a/ SM Electric Group, Inc. ("VPG"), and Nelson Ferreira (collectively, "Defendants") in the above matter. Defendants submit this pre-motion letter consistent with the Court's judicial preference in advance of filing a motion to dismiss.

  This is a False Claims Act case. On July 18, 2023, CLIP LLC filed this matter under seal, alleging that APF, VES, and VPG improperly obtained Paycheck Protection Program ("PPP") loans in 2020. (ECF 1). The Government issued Civil Investigative Demands ("CIDs") to APF, VES, VPG, and FCC, requesting information in connection with the PPP loans. Defendants worked with their in-house counsel and outside counsel to prepare a defense to the claims and to respond to the CIDs. In connection with preparing their defense, Defendants contacted Michael Andriola, a partner at PKF O'Connor Davies LLP, who provided accounting services to certain Defendants. Andriola held himself out to Defendants as an expert on PPP loans. Defendants sought Andriola's professional expertise in preparing their litigation strategy and responding to the CIDs.

  Unbeknownst to Defendants at that time, Andriola was the sole member of Relator CLIP LLC, who filed this action and prompted the issuance of the CIDs. When Defendants sought Andriola's expertise in developing their defense strategy, Andriola did not disclose that he was the Relator and that his interests were directly adverse to Defendants. Instead, Andriola agreed to assist Defendants and their counsel, participating in two meetings with Defendants' CFO, in-house counsel, and outside counsel. Andriola not only participated in those attorney-client meetings but also obtained Defendants' confidential information, Defendants' attorneys' work-product, and overall defense strategy to the claims Andriola filed.

  After piercing the attorney-client privilege and obtaining Defendants' defense strategy, Andriola shared that information with his attorneys in this case and, together with his attorneys, shared the information he surreptitiously obtained with the Government. To cover up his

Hon. Georgette Castner, U.S.D.J.
January 22, 2025
Page 2 of 3

malfeasance, Andriola claimed to the Government that Defendants defense strategy was intended to deceive and obstruct the Government's investigation. Because the information Andriola obtained was attorney-client privileged, the Government set up a filter review team to assess whether the information was privileged and whether the crime-fraud exception applied to the information. The Government's filter review team concluded that the communications Andriola participated in, and the information Andriola obtained were privileged and that the crime-fraud exception did not apply. After Defendants provided the Government with responses to the CIDs together with significant additional information requested, the Government declined to intervene in this matter, and the case was unsealed.

Relator advised the Court he intended to dismiss the Complaint but reversed course. (ECF 9; ECF 12). On December 16, 2024, Defendants filed a motion to dismiss or, in the alternative, to disqualify Relator's counsel. (ECF 21). Defendants filed the motion without requesting a pre-motion conference because the Court's judicial preferences state that the preference for a pre-motion conference does not preclude a party from filing a motion, and Defendants did not believe that the issues arising from Andriola's misconduct could be resolved without motion practice, particularly given Realtor's prior reversal on the voluntary dismissal of this matter. CLIP LLC responded to Defendants' motion with a letter requesting leave to amend the complaint, which the Court granted. (ECF 23-24). On January 9, 2025, Andriola filed an amended complaint, substituting Andriola as the Relator. (ECF 25). Defendants now seek to file their motion to dismiss the amended complaint or disqualify Relator's counsel on the following grounds.

Defendants intend to move to dismiss in accordance with FRCP 41(b) and FRCP 12(b)(6). Defendants also intend to seek the disqualification of Andriola's counsel based on counsel's connection to Andriola's misconduct.

With respect to FRCP 41(b), Defendants will move to dismiss as a sanction for Andriola's discovery violations and his fraud on the Court, stemming from Andriola's invasion of Defendants' attorney-client privilege and covert theft of Defendants' legal strategy for defending this case. Specifically, Andriola violated FRCP 26(b)(1), FRCP 26(b)(3)(a), and FRCP 26(b)(3(B) by intentionally discovering Defendants' privileged information, including information prepared by Defendants' counsel in preparation for litigation and counsel's mental impressions, opinions, and legal theories. Andriola's deceit infects this case beyond repair, and when a party engages in significant misconduct, like Andriola did, a court may dismiss the case as a sanction for the misconduct. *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).

In addition, the Court has the inherent power to dismiss an action where appropriate. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). One appropriate basis to dismiss a case is where a party commits a fraud upon a court. *Perna v. Electronic Data Sys. Corp.*, 916 F. Supp. 388, 397 (D.N.J. 1995). Such conduct includes a party intentionally and in bad faith breaching his adversary's attorney-client privilege. *Id.* In *Perna*, a plaintiff took and copied documents that belonged to the defendant's counsel during a break in a deposition. As a result of the plaintiff's misconduct, the court dismissed the case against the offending party, stressing the need to maintain the integrity of legal proceedings and the importance of ethical behavior by parties to litigation.

Hon. Georgette Castner, U.S.D.J.
January 22, 2025
Page 3 of 3

*Id.* at 398. Andriola's misconduct of piercing Defendants' attorney-client privilege and obtaining Defendants' legal strategy to further his claims in this case meets that standard.

With respect to FRCP 12(b)(6), Defendants have four grounds for dismissal. First, Andriola is not an original source of information pursuant to 31 U.S.C. § 3730(e)(4)(A) because he has no direct knowledge of the alleged facts but instead relies on publicly available information and information derivative of others. *United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F. 3d 228, 239 (3d Cir. 2013); *United States ex rel. Morgan v. Express Scripts, Inc.*, 2013 WL 6447846 (D.N.J. Dec. 9, 2013); *see also United States ex rel. Relator, LLC v. Kootstra*, 2024 WL 3666470, at 3-4 (E.D. Cal. Aug 6, 2024) (dismissing case where Relator was not original source of allegations regarding PPP loans). Second, Defendants will move to dismiss because Andriola's claims are not pled with the requisite particularity of FRCP 9(b) because many of Andriola's allegations are pled on information and belief and without identifying who, when, or where the alleged fraud occurred. Third, Defendants will move to dismiss as to FCC and Ferreira because Andriola has not alleged sufficient facts to sustain claims against them. Fourth, Defendants will move to dismiss as to all Defendants under Article II of the United States Constitution because Andriola, as a private relator where the Government has declined intervention, is not a properly appointed officer of the United States. *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 2024 WL 4349242 (M.D. Fla. Sept. 30, 2024).

If the Court does not dismiss the claims, Defendants will seek the disqualification of Andriola's counsel. Andriola's counsel, like Andriola, secretly obtained Defendants' legal strategy, privileged information, and counsel's mental impressions. Andriola's counsel did not disclose to Defendants that they obtained the information, nor did they advise Andriola not to engage in misconduct. Instead, they, along with Andriola, attempted to share the information with the Government to convince the Government to intervene in this case and to advance Andriola's interests. When an attorney engages in that sort of conduct, disqualification is appropriate. *See Maldonado v. New Jersey*, 225 F.R.D. 120, 137 (D.N.J. 2004); ABA Comm. On Ethics and Prof. Resp., Formal Op. 94-382 (1994).

Defendants do not believe these issues can be resolved pre-motion; however, Defendants submit this letter consistent with the Court's judicial preferences. Given the multiple grounds for dismissal, some of which include multi-factor tests, Defendants also request the Court's permission to file an overlength brief not to exceed 35 pages.

We thank the Court for its time and attention to this matter.

                                              Respectfully submitted,

                                              */s/ Robert C. Scrivo*
                                              Robert C. Scrivo

cc:      All Defense Counsel of Record (*via ECF*)